DAVID SEROR - Bar No. 67488
JESSICA L. BAGDANOV - Bar No. 281020
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:    dseror@brutzkusgubner.com
          jbagdanov@brutzkusgubner.com

Attorneys for Nancy Zamora, Chapter 7 Trustee

**FILED & ENTERED**

**OCT 14 2016**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Pgarcia    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>NOOR NORRIS and HELY NORRIS,<br><br>        Debtors. | Case No. 1:11-bk-18591-VK<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION BY CHAPTER 7 TRUSTEE TO:**<br><br>**(1) APPROVE SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, INTERESTS, CLAIMS, AND ENCUMBRANCES WITH SUCH LIENS, INTERESTS, CLAIMS, AND ENCUMBRANCES TO ATTACH TO PROCEEDS PURSUANT TO 11 U.S.C. §§ 363(B) AND (F);**<br><br>**(2) APPROVE OVERBID PROCEDURES;**<br><br>**(3) DETERMINE THAT BUYER IS ENTITLED TO PROTECTION PURSUANT TO 11 U.S.C. § 363(M)**<br><br><u>Hearing</u>:<br><br>Date:  October 6, 2016<br>Time:  2:00 p.m.<br>Place:  Courtroom 301<br>        United States Bankruptcy Court<br>        21041 Burbank Boulevard<br>        Woodland Hills, CA 91367 |

1

1    The Motion by Nancy Zamora, Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Noor Norris and Hely Norris ("Debtors"), to (1) Approve Sale of Real Property Free and Clear of Liens, Interests, Claims and Encumbrances with Such Liens, Interests, Claims, and Encumbrances to Attach to Proceeds Pursuant to 11 U.S.C. § 363(b) and (f), (2) Approve Overbid Procedures, and (3) Determine that Buyer is Entitled to Protection Pursuant to 11 U.S.C. § 363(m) ("Motion") [Doc. 471] duly came on for hearing on October 6, 2016, at 2:00 p.m., in Courtroom 301 of the above-entitled Court, the Honorable Victoria Kaufman, United States Bankruptcy Judge, presiding.  Jessica L. Bagdanov, of the law firm Brutzkus Gubner LLP, appeared on behalf of the Trustee.  The Trustee was also present in Court.  Rachael Ascensio, current tenant of the Real Property (defined below), appeared on behalf of herself ("Tenant").

The Court having read and considered the Motion, and all papers and pleadings filed in support thereof; having received evidence both oral and documentary, having further heard and considered the arguments made by the parties at the hearing; no opposition to the Motion having been filed; finding that notice of the Motion was appropriate and sufficient; and after due deliberation and setting forth its findings, conclusions and reasons on the record; and good cause appearing therefor:

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.    This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Determination of the Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

B.    The statutory predicates for the relief sought by the Motion are §§ 363(b) and (f) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended ("Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (each a "Bankruptcy Rule" and collectively the "Bankruptcy Rules").

C.    Proper, timely, sufficient and adequate notice of the Motion and the transaction contemplated thereby has been provided in accordance with § 363 of the Bankruptcy Code and Rules 2002 and 6004 of the Bankruptcy Rules.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and

1   entities. Such notice was good, sufficient, and appropriate under the circumstances, and no other or

2   further notice of the Motion is or shall be required.

3       D.    The Real Property which is the subject of the Motion, 1546 East Kettering Street,

4   Lancaster, California 93535, APN 3147-028-096 ("Real Property") more fully described in **Exhibit**

5   **1** hereto, is property of this Estate pursuant to Bankruptcy Code § 541.

6       E.    The sale of the Real Property as contemplated by and described in the Motion, and as

7   set forth in the Court's findings, conclusions and reasons stated on the record, is in the best interests

8   of the Estate and its creditors.

9       F.    The Preliminary Title Report dated August 22, 2016, reflects a lien against the Real

10   Property for defaulted taxes for the fiscal year 2009-2010, reflecting a redemption amount of

11   $25,942.06 that is valid through October 2016 ("Tax Lien").

12       G.    The terms and conditions of the sale of the Real Property as contemplated and

13   described in the Purchase Agreement attached as Exhibit 1 to the Motion ("Purchase Agreement")

14   and as set forth in the Court's findings, conclusions and reasons stated on the record, are fair and

15   reasonable.

16       H.    There is a sound business purpose for the sale of the Real Property as contemplated

17   by and described in the Purchase Agreement and as set forth in the Court's findings, conclusions and

18   reasons stated on the record.

19       I.    The sale of the Real Property as contemplated by and described in the Purchase

20   Agreement and as set forth in the Court's findings, conclusions and reasons stated on the record, was

21   proposed and negotiated in good faith.

22       J.    As set forth in the Court's findings, conclusions and reasons stated on the record, the

23   Real Property was adequately marketed, however the Trustee did not receive any qualified overbids

24   for the purchase of the Real Property.

25       K.    Prior to the hearing on the Motion, the Trustee received a deposit in the amount of

26   $5,000.00 ("Deposit") from DRI Holdings, LLC, Buyer under the Purchase Agreement ("Buyer").

27

28

1649913

L. Buyer has acted in good faith and the sale as contemplated and described in the Purchase Agreement, and as set forth in the Court's findings, conclusions and reasons stated on the record, is an arms-length transaction, without collusion.

M. Prior to the Sale hearing, the Trustee and Tenant discussed a date by which Tenant would voluntarily agree to vacate the Real Property. The Trustee and Tenant have entered into a stipulation, whereby Tenant agrees to vacate the Real Property no later than November 21, 2016. If Tenant does not vacate the Real Property on or before that date, Tenant further agrees that the Trustee will be authorized to use the assistance of a U.S. Marshal or local law enforcement authority to remove the Tenant from the Real Property. This agreement between the Trustee and Tenant shall be documented in a separate stipulation and order filed with the Court. Buyer consents to this agreement.

N. The Trustee is authorized to sell the Real Property as the Trustee of the Debtors' bankruptcy Estate.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion is granted, except for the proposed overbid procedures, which are moot.

2. Proper, timely, and sufficient notice of the Motion has been provided in accordance with § 363 of the Bankruptcy Code and Rules 2002 and 6004 of the Bankruptcy Rules, and no other or further notice of the Motion is required.

3. The Purchase Agreement dated September 2, 2016, which sets forth all sale agreement terms between the Trustee and Buyer, is hereby approved.

4. The Trustee is authorized to sell, convey, assign, and transfer all of the Estate's right, title and interest in the Real Property for a purchase price of One Hundred Fifty Thousand Dollars ($150,000.00) ("Purchase Price") to Buyer, on an **AS IS, WHERE IS** basis, without any warranties, expressed or implied, and without any contingencies, and pursuant to 11 U.S.C. §363(f), free and clear of all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the sale proceeds with the same priority and rights of enforcement as previously existed, if any.

1649913

5. If, within Twenty (20) days after the later of entry of this Order and the date Tenant vacates the Real Property, the Buyer fails to complete the purchase contemplated by the Purchase Agreement, or such other time limit as agreed between the Trustee and Buyer in writing, the Trustee shall retain the Buyer's Deposit as liquidated damages.

6. The Trustee is further authorized to execute any and all documents necessary and appropriate to consummate the sale of the Real Property to Buyer, including but not limited to the execution of quitclaim deeds on behalf of Debtors to the extent required.

7. The Trustee is authorized to direct escrow to pay from sale proceeds and directly from escrow the Tax Lien in full, subject to the Trustee's review and approval of a final payoff demand submitted by the holder of the Tax Lien.

8. The Trustee is authorized to direct escrow to pay from sale proceeds and directly from escrow all sums representing the Trustee's share of escrow charges, including the cost of a standard coverage title insurance policy, recording fees, documentary transfer taxes, and other normal and customary charges, pro-rations, costs, and fees.

9. The Trustee is further authorized to direct escrow to pay from the sale proceeds and directly from escrow any and all outstanding property taxes related to the Real Property.

10. The Trustee is further authorized to direct escrow to pay from the sale proceeds and directly from escrow the Broker's commission, which equals a total of six percent (6%) of the gross sales price.

11. The remaining sum of sale proceeds, after the foregoing amounts are paid, shall be paid by escrow to the Trustee to be held for the benefit of the Estate.

12. As set forth on the record, the Buyer has acted in good faith within the meaning of 11 U.S.C. § 363(m) and is thus granted all the protections and immunities afforded by that Section.

13. Based upon the Court's findings, conclusions and reasons stated on the record, the purchase terms for the Real Property (as set forth in the Purchase Agreement) are fair and reasonable under the circumstances of this Chapter 7 case and this proceeding.

14. Based upon the Court's findings, conclusions and reasons stated on the record, the Motion and Purchase Agreement are approved as is in the best interests of the Estate and its creditors.

1649913

15. Based upon the Court's findings, conclusions and reasons stated on the record, entry into the Purchase Agreement is a prudent exercise of the Trustee's business judgment.

16. Any objections to the relief requested in the Motion and the entry of this Order that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, are hereby denied and overruled on the merits with prejudice based upon the Court's findings, conclusions and reasons stated on the record.

17. This Court shall retain jurisdiction to enforce, interpret, and implement the terms of the Purchase Agreement, and each of the documents and instruments executed in connection therewith and with this order, and shall further retain jurisdiction to resolve any disputes that arise from entry of this Order.

18. The Purchase Agreement may be modified, amended, or supplemented by the parties thereto without further order of this Court only by non-material modifications, amendments, or supplements that do not have an adverse effect on the Estate or its creditors.

19. Based upon the Court's findings, conclusions and reasons stated on the record, the fourteen (14)-day stay as provided by Bankruptcy Rule 6004(h) is waived.

20. The findings of fact and conclusions of law stated herein and as set forth by the Court on the record during the hearing on this matter, shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

IT IS SO ORDERED.

Date: October 14, 2016

Victoria S. Kaufman
United States Bankruptcy Judge

1649913

Order Number: **5274872**
Page Number: 7

## LEGAL DESCRIPTION

Real property in the City of Lancaster, County of Los Angeles, State of California, described as follows:

LOT 21 OF TRACT NO. 45055, ON THE CITY OF LANCASTER, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP ON FILE IN BOOK 1102 PAGE(S) 51 TO 54 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS (INCLUDING METHANE), MINERALS, AND OTHER HYDROCARBON SUBSTANCES, INCLUDING RIGHTS INCIDENTAL TO SUCH OWNERSHIP, NOW AND AT ANY TIME HEREAFTER SITUATED IN AND UNDER SAID LAND AND LYING BELOW A DEPTH OF 500 FEET MEASURED VERTICALLY FROM THE SURFACE SAID LAND TOGETHER WITH THE RIGHT TO EXPLORE FOR, EXTRACT AND PRODUCE THE SAME AND TO ENTER THE SUBSURFACE OF SAID LAND FOR ALL OF SAID PURPOSES WITHOUT , HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND OR INTO THAT PORTION OF THE SUBSURFACE THEREOF, LYING ABOVE A DEPTH OF 500 FEET, MEASURED VERTICALLY FROM SAID SURFACE, AS EXCEPTED AND RESERVED IN DEED RECORDED APRIL 10, 1989 AS INSTRUMENT NO. 89-549276, OFFICIAL RECORDS AND AS SET FORTH ON DECLARATION RECORDED JUNE 07, 1988 AS INSTRUMENT NO. 88-897833 AND SEPTEMBER 28, 1988 AS INSTRUMENT NO. 88-1558035.

APN: 3147-028-096

**EXHIBIT 1** 7